# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 155 | **DATE** | 2/25/2013 |
| **CASE TITLE** | Thompson vs. Sauk Village | | |

**DOCKET ENTRY TEXT**

Accordingly, Thompson's motion to proceed in forma pauperis is denied and his complaint is dismissed without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Victor Thompson moves to proceed *in forma pauperis* without the full prepayment of filing fees.

Pursuant to 28 U.S.C. 1915, the Court may authorize Thompson to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Thompson need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin,* 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible if payment of the filing fee will prevent him from providing for life's necessities. *See id.* According to his financial affidavit, Mr. Thompson is not currently employed. He does not own real estate or any additional items of personal property worth over $1,000, nor does he have more than $200 in cash or in a checking or savings account. Based on these facts, Thompson's financial affidavit sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Thompson's financial status. Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum,* 352 F.3d 1107, 1109 (7th Cir. 2003). When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed in forma pauperis, the Court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000).

In this case, Thompson alleges that he was a resident of Sauk Village, Illinois between 2004 and 2008. During that time, he and his family "suffered continuous stomach viruses, accompanied by constant diarrhea, head aces [sic], sore throats, and unexplainable rashes." He alleges that his wife was diagnosed with a chronic disease and his brother was diagnosed with cancer. These ailments were caused by contamination in Sauk Village's public drinking water that the Village was aware of but failed to remedy. He also alleges that

| STATEMENT |
|---|

his dog died as a result of drinking the contaminated water.

As an initial matter, the Court notes that Thompson cannot bring claims on behalf of his wife or brother. *See Warth v. Seldin*, 422 U.S. 490, 499(1975) ("A federal court's jurisdiction therefore can be invoked only when the plaintiff himself suffered some threatened or actual injury resulting from the putatively illegal action...") (internal citations and quotations omitted); *see also Mainstreet Org. of Realtors v. Calumet City*, 505 F. 3d 742, 746 (7th Cir. 2007) (holding that plaintiffs' lawsuit was barred by the principle that "one cannot sue in federal court to enforce someone else's legal rights.").

More importantly, Thompson brought his claim pursuant to 42 U.S.C. § 1983, which is preempted in this area by the Safe Drinking Water Act, 42 U.S.C. §§ 300f *et seq*. *See, e.g., Mattoon v. City of Pittsfield,* 980 F.2d 1 (1st Cir. 1992); *Missey v. City of Staunton,* No. 8 C 3212, 2008 WL 4911877, at 2 (C.D. Ill. Nov. 13, 2008) (a Section 1983 claim premised on the contamination of public drinking water is preempted by the SDWA). However, since Thompson is a *pro se* litigant, he is entitled to leeway in interpreting his pleading. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). As such, the Court is less concerned with whether Thompson has cited to the correct statute than in determining whether relief can be granted on the facts that he has presented. *See Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir. 1992).

Here, the facts alleged in Mr. Thompson's complaint still fail to state a claim under another federal statute. While the SDWA allows for private citizen suits, it requires that any plaintiff must first provide notice to Environmental Protection Agency, the violator and to the state in which the violation occurred. *See* 42 U.S.C. § 300j-8. In this case, Thompson has failed to allege that such notice was provided. Other potentially applicable environmental statutes also contain similar notice requirements. *See, e.g.,* Comprehensive Environmental Response, Reclamation and Recovery Act of 1980, 42 U.S.C. § 9659(d); Resource Conservation and Recovery Act, 42 U.S.C. § 6972(b)(1). A federal district court may not entertain an action that fails to comply with these notice requirements. *See Hallstrom v. Tillamook County,* 493 U.S. 20 (1989). Although Thompson may have Illinois state law claims, this Court may not exercise pendent jurisdiction over those unless there is a basis for federal jurisdiction. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). The Court sees no basis for federal question jurisdiction at this point. Accordingly, Thompson's motion is denied and his complaint is dismissed without prejudice.